398 So.2d 1045 (1981)
Dewey SMITH
v.
BOARD OF TRUSTEES OF LOUISIANA SCHOOL EMPLOYEES RETIREMENT SYSTEM.
No. 80-C-2295.
Supreme Court of Louisiana.
May 18, 1981.
*1046 J. Arthur Smith, III, Baton Rouge, for plaintiff-applicant.
William J. Guste, Jr., Atty. Gen., William T. Reeves, Jr., Asst. Atty. Gen., for defendant-respondent.
CALOGERO, Justice.
Plaintiff Dewey Smith sued the Board of Trustees of Louisiana School Employees Retirement System for the restoration of payment of disability retirement benefits. After trial, the district court entered judgment for defendant. Plaintiff appealed and the First Circuit Court of Appeal affirmed the judgment of the district court. Plaintiff applied to this Court for writs of certiorari which we granted to review the decisions of the lower courts. 393 So.2d 748 (La.1980).
Smith began employment as a bus driver for the Washington Parish School Board in May 1955. He applied for membership in the Louisiana School Employees Retirement System and began his creditable service in July 1956. Eight years later, in July 1964, plaintiff suffered a ruptured disc. The following school year, 1964-1965, plaintiff employed a substitute driver approximately 30% of the time and personally drove the school bus the other 70% of the time. During the 1965-1966 school year he used the substitute driver 70% of the time and personally drove the bus 30% of the time. In April 1966, he applied for disability retirement benefits. For the 1966-1967 school year plaintiff hired a substitute driver full time and did not personally drive the bus at all. The Washington Parish School Board knew and approved of the use of the substitute driver.
In January 1967, the Retirement System approved plaintiff's application for disability retirement benefits effective back to June 1, 1966. In March 1967, the system paid Mr. Smith $836.20 in retroactive benefits and then terminated the benefits on April 19, 1967, after learning that Mr. Smith was still being paid by the Washington Parish School Board to provide bus transportation for students although he was not personally driving the bus during the then current school year. Plaintiff ended his employment with the Washington Parish School Board on March 20, 1967, the day he received the disability retirement payment. Consequently, at the time that the Retirement System terminated his benefits, plaintiff was no longer employed and being paid by the school board. Plaintiff applied for the restoration of benefits and later filed the instant suit when the system refused to reinstate them.
The law regarding application for disability retirement, at the time plaintiff applied, read:
"Upon the application of a member in service or of his employer, any member who has had five or more years of creditable service may be retired by the board of trustees, not less than thirty and not more than ninety days next following the date of filing such application, on a disability retirement allowance, provided that the medical board, after a medical examination of such member, shall certify that such member is mentally or physically incapacitated for the further performance of duty; that such incapacity is likely to be permanent; and that such member should be retired. No member shall be retired prior to July 1, 1948." R.S. 17:914
A report of the Medical Board, dated June 2, 1966, states that plaintiff was examined and the Board certifies that he "is physically incapacitated for the performance of duty and should be retired." On January *1047 23, 1967, the Retirement System notified Smith of the finding of the Medical Board. There is no question but that Mr. Smith has the requisite creditable service, for he had been a school bus driver and had personally driven his bus more than five years, minimally, for the inclusive period 1956-1964.
The Retirement System defended the suit on the grounds that plaintiff was not personally driving the bus at the time he applied for benefits and therefore did not qualify. The trial judge agreed that Mr. Smith could not be a "school bus driver" within the context of the statute if he was not personally driving a school bus. Therefore, the court held that plaintiff was not entitled to benefits. The Court of Appeal essentially adopted the reasons of the trial judge as the basis for its opinion. In this Court, as in the courts below, plaintiff argues that the statute did not require that a "school bus driver" personally be driving a school bus to qualify for retirement benefits. Additionally, plaintiff contends that the Retirement System is foreclosed from litigating this issue because in a pre-trial order the system stipulated that plaintiff was a "member in service" at the time he applied for benefits.
We agree with plaintiff that defendant in its answer and later in the pre-trial order stated that plaintiff was a "member in service" at the time he applied for benefits. An admission in a pleading falls within the scope of a judicial confession and is full proof against the party making it. La. Civ. Code art. 2291; Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979). Nevertheless, a fair construction of defendant's answer and stipulation indicates that defendant may well have meant only that plaintiff was being carried as a "member in service" while not legally eligible to be so classified, because other portions of the answer and the pre-trial order assert that plaintiff was "not legally entitled to be a member of the [retirement] system." Thus it is clear that defendant did not intentionally concede plaintiff's status within the retirement system. However, it is significant that defendant's only witness, a former Secretary-Treasurer of the Retirement System, testified that part time credit was given when part time service was rendered. The witness did not state that full time service was a prerequisite for eligibility for benefits.
Regardless, we base our decision upon a more pertinent groundour finding that plaintiff was legally a member of the system at the time of his application and that at such time he had at least five years of creditable service.
In holding that plaintiff was not a member in service at the time he applied for benefits, the trial judge relied in part upon an amendment to the statute which postdates plaintiff's application. In 1968, the Legislature amended the definition portion of the statute to read: "(11) `Employee' means any person legally occupying a position as a school bus driver who actually renders a service by driving a school bus during the full time of his employment,..." R.S. 17:882(11) as amended by Acts 1968, No. 30, § 1.
To the trial court, this indicated a clear expression of legislative intent that a bus driver be only a person actually driving a school bus. We consider an equally compelling interpretation of the amendment to be legislative recognition that the statute before the amendment did not require that the "bus driver" personally drive the bus to qualify as an "employee" in the system. In this regard we note that when the Legislature intended that the "bus driver" drive the bus personally (to qualify for tenure), it so stated in unmistakable terms. See R.S. 17:492 concerning the manner in which a bus driver may acquire tenure. That statute requires that the school bus operator "personally operate and drive the school bus he is employed to operate" to acquire tenure as a bus driver. That very statute was in effect during the time that plaintiff was employed by the Washington Parish School Board. Plaintiff, having personally driven the bus for the requisite period of time, was a tenured driver. With that exception, a school bus driver acquiring tenure, there was no statutory requirement that an individual *1048 personally drive the bus for the school board. Significantly, at the time plaintiff made his application, the pertinent portions of R.S. 17:882 read:
"(11) `Employee' means any person legally occupying a position as a school bus driver, school janitor, school custodian or school maintenance employee and who is an employee of a parish or city school board of the State of Louisiana, and shall include the employees of this retirement system.
* * * * * *
"(14) `Member' means any school bus driver, school janitor, school custodian or school maintenance employee or employee of the Retirement System included in the membership of the systems as provided in Sub-part B of this Part. A school bus driver must be twenty-one years of age or over and less than fifty years of age at the time of employment." (emphasis provided.)
These definitions are virtually the same as when defendant became a member of the Retirement System in 1956.[1] The statute, before the 1968 amendment, did not specify that a school bus driver must render a service "by driving a school bus," but rather simply required that the employee be one "legally occupying a position as a school bus driver" ("school bus operator" as the law stood in 1956) and that a member includes or means any school bus driver, presumably a person legally occupying a position as a school bus driver. Plaintiff, as a person legally occupying a position as a school bus driver, was entitled to membership in the Retirement System. Having the required minimum creditable service and being certified by the Medical Board as physically incapacitated for the performance of duty, plaintiff met the legal requirements for disability retirement payments and the Retirement System was in error in failing to reinstate the payments after plaintiff terminated his employment with the Washington Parish School Board.
Having determined that plaintiff is entitled to receive disability retirement benefits, we must now consider whether the payments due him are subject to any offset under R.S. 17:915, 916. Louisiana Revised Statute 17:915 (now repealed) required that "[a]ny amount received by a member or any benefits received under any Workmen's Compensation Law shall be applied as an offset to any benefits provided for herein in such manner as shall be provided by the rules of the board of trustees." Louisiana Revised Statute 17:916 (also now repealed) provided that the retiree be re-examined by the medical board periodically at the request of the board of trustees of the Retirement System and that his benefits be reduced if he is found able to engage in a gainful occupation. A series of amendments beginning in 1971 changed the wording of the above statutes to require an adjustment in benefits when the recipient earned certain amounts. These sections were repealed in 1978 and their provisions are now incorporated into R.S. 42:702-706.
We must determine whether the benefits due plaintiff are to be offset by "any amount received" by him. We first note that it is not just that "any amount" is to be offset, but that the amount is to be offset "in such manner as shall be provided by the rules of the board of trustees." When the Retirement System sent plaintiff his check in March 1967, it notified him that he would be permitted to earn not more than $1,411.56 annually. This amount added to his retirement benefits equals his average annual compensation for the ten years before he retired. Plaintiff filed this letter in evidence. Also in evidence are *1049 minutes of meetings at which retirement benefits were adjusted to reflect the earnings of the annuitants. Defendant further filed into evidence forms which were submitted to each annuitant on which the retiree was required to complete a notarized statement of his earnings for the year. The policy of the board of trustees of the Retirement System provides for an offset by the amount of plaintiff's earnings which would, when combined with his retirement benefits, exceed his average annual compensation for the ten years preceding his retirement. In a letter to the trial court, written on June 27, 1979, plaintiff admitted that for three years his earned income exceeded the amount allowed by the Retirement System. Therefore, for those three years plaintiff is not entitled to receive retirement benefits.
Additionally, plaintiff received retirement benefits for a period of time during which he was still employed by the Washington Parish School Board. We can understand how this situation developed. Although he applied for disability retirement in April of 1966, stating that he planned to retire in June of that year, plaintiff was not notified of the board's decision until January of 1967 and did not receive any retirement pay until March 20, 1967. Plaintiff's good faith in remaining an employee of the Washington Parish School Board after applying for retirement is demonstrated by the fact that he immediately terminated his employment after receiving his retirement benefits. Notwithstanding this good faith, however, plaintiff was not entitled to receive retirement benefits during the period when he was still being paid by the Washington Parish School Board and this amount must be offset from the benefits due plaintiff by the Retirement System.

Decree
For the foregoing reasons, we reverse the holdings of the lower courts. Plaintiff is entitled to retirement benefits with legal interest beginning as of April 1967. These benefits are to be offset by the $836.20 plaintiff received for a period of time when he was still employed by the Washington Parish School Board. Further, plaintiff is not entitled to receive benefits for the three years (1967, 1968, 1969) during which he earned more than the amount allowed by the Retirement System. The case will be remanded to the district court for such additional proceedings as may be deemed necessary and for entry of judgment in plaintiff's favor consistent with the findings and reasons expressed in this opinion.
REVERSED AND REMANDED.
NOTES
[1] The law in 1956 read in pertinent part:

"(11) `Employee' means any person legally occupying a position as a school bus operator, school janitor, school custodian or school maintenance employee and who is an employee of a parish or city school board of the State of Louisiana, and shall include the employees of this retirement system.
* * * * * *
"(14) `Member' means any school bus driver, school janitor, school custodian or school maintenance employee included in the membership of the system as provided in Sub-part B of this Part."