415 So.2d 365 (1982)
Gloria ROBERTSON, George A. Robertson, Jr.
v.
PARISH OF EAST BATON ROUGE and City of Baton Rouge.
No. 14647.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*366 James R. Coxe, III, Baton Rouge, for plaintiff-appellant Gloria Robertson and George A. Robertson, Jr.
Ray C. Dawson, Daniel J. Dziuba, Baton Rouge, for third party defendant appellee Ramer's Grocery, Inc.
James J. Zito, Asst. Parish Atty., Baton Rouge, for defendant-appellee Parish of East Baton Rouge and City of Baton Rouge.
Before LEAR, CARTER and CHIASSON, JJ.
CHIASSON, Judge.
Gloria Robertson and her husband, George A. Robertson, Jr., plaintiffs-appellants, appeal the judgment of the trial court dismissing their suit for damages sustained as the result of a one car accident. Named as defendants were the Parish of East Baton Rouge and the City of Baton Rouge, defendants-appellees, who filed a third party demand against Ramer's Grocery, Inc.
Lot 15 is subdivided into Lots A and B. Lot A, which is bounded on its north by Jefferson Highway and on its west side by Inniswold Road, is subdivided into the northern portion and the southern portion. No fence or marking separates the boundary between the northern and southern portions of Lot A and the parking lots of the respective properties blend together.
Prior to construction of the parking lots on the northern and southern portions of Lot A, there existed an open ditch fronting Lot A and abutting Inniswold Road. The property owners laid concrete pipes and poured concrete over these pipes to make their driveways across the ditch to their respective parking lots. The driveways were located on the southern parts of the adjacent portions. The driveway for the northern portion was constructed up to approximately three feet of its southern boundary. Ramer's Grocery is located on the southern portion of Lot A. Ramer's Grocery, Inc., purchased this property from Joseph E. Price in 1978 after leasing said property from Mr. Price since 1962.
In 1975, Mr. Price constructed another driveway over the existing ditch on the northern end of his southern portion of Lot A. In fact, the driveway commences on the northern boundary of the property. Mr. Price's construction of the new driveway resulted in an open ditch of approximately three feet in length between the old driveway of his neighbor and his new driveway.
The evidence reveals that the open ditch between the driveways is located on property owned by the Parish of East Baton Rouge.
The accident occurred around 6:00 P.M. on a dark, rainy night on May 29, 1979. According to Mrs. Robertson's testimony, she turned off Jefferson Highway onto Inniswold Road and thereafter turned left into the neighbor's driveway to go onto the parking lot of Ramer's Grocery. As Mrs. Robertson proceeded to negotiate her turn, the right front wheel of her vehicle fell into the open ditch between the driveways, causing her personal injuries and property damage to her automobile. Mrs. Robertson's testimony indicates that the hole was filled with water and, therefore, not visible to motorists.
The trial court found the City of Baton Rouge and Parish of East Baton Rouge strictly liable under Louisiana Civil Code Article 2317, but held that the defense of "fault of a third person" applied and, therefore, dismissed plaintiffs-appellants' suit.
Plaintiffs-appellants perfected the instant appeal and allege that the trial court erred in rejecting their claim: 1) under *367 Civil Code Article 2315 when the Parish of East Baton Rouge either had actual or constructive knowledge of the hazardous condition or trap-like condition of its property and neither warned those in danger nor repaired the defect after having four years to do so; and 2) under Civil Code Article 2317 on the ground of fault of a third person when that "fault" occurred four years prior to the accident and was not the sole or exclusive cause of the injuries.
Plaintiffs-appellants contend that the trial court erred in dismissing their claim under Civil Code Article 2317 on the ground of "fault of a third person".
Louisiana Civil Code Article 2317 provides in pertinent part as follows:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody..."
The Supreme Court, in the case of Loescher v. Parr, 324 So.2d 441 (La.1975), discussed the concept of strict liability and the legal basis for such liability as follows:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others."
In the case of Jones v. City of Baton Rouge-Parish of East Baton Rouge, 388 So.2d 737 (La.1980), our Supreme Court discussed strict liability on the part of public entities and summarized the plaintiff's burden of proof in strict liability actions in the following manner:
"Because the responsibility for preventing the unreasonable risk of injury to others is unconditional, the injured party seeking damages under article 2317 need not prove that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defectthat is, that it occasioned an unreasonable risk of injury to anotherand that his injury was caused by the defect."
(Citations omitted)
Once the plaintiff proves custody, defect and causation, the custodian or guardian can escape liability only by showing the harm was caused by the fault of the victim, by the fault of a third person or by an irresistible force. Loescher, supra, and its progeny.
We agree with the trial judge's findings that: the uncovered ditch was a vice and/or defect because, when filled with water, it gave the appearance of being a part of the driveways; the defect created an unreasonable risk of injury to others; Mrs. Robertson's injuries were caused by said vice or defect; and the uncovered ditch was in the care and/or custody of the defendants-appellees. However, we disagree with the trial judge's finding that, since defendants-appellees did not construct the driveways which created the vice or defect, the defense of "fault of a third person" exonerates them from liability.
Our Supreme Court, in the case of Olsen v. Shell Oil Company, 365 So.2d 1285 (La. 1979), explained the concept of "fault of a third person" which exculpates a custodian from strict liability. The court stated:
"The fault of a `third person' which exonerates a person from his own obligation importing strict liability as imposed by Articles 2317, 2321, and 2322 is that which is the sole cause of the damage, of the nature of an irresistible and unforeseeable occurrencei.e., where the damage resulting has no causal relationship whatsoever to the fault of the owner in failing to keep his building in repair, and where the `third person' is a stranger rather than a person acting with the consent of the owner in the performance of *368 the owner's non-delegable duty to keep his building in repair."
(Emphasis ours)
A litigant is bound by the allegations of facts contained in his pleadings. "An admission in a pleading falls within the scope of a judicial confession and is full proof against the party making it." Smith v. Board of Trustees of La., 398 So.2d 1045 (La.1981); La. Civil Code Art. 2291; Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979). The pleadings, specifically the allegations of the third party demand filed by defendants-appellees against Ramer's Grocery, Inc., clearly show that the "fault of a third person" which the trial court held to apply, does not exist in the present case. According to said pleadings, the new driveway was built by Mr. Price with the permission and consent of the defendants-appellees. Mr. Price is not a stranger acting without consent of the custodian and therefore his actions cannot be considered "fault of a third person" sufficient to exonerate defendants-appellees from their responsibility under Louisiana Civil Code Article 2317. Additionally, we cannot say that the resulting damage has no causal relationship to the fault of the owner, defendants-appellees. Defendants-appellees cannot exculpate themselves for a defect which they consented to four years ago and failed to remedy based on the "fault of a third person".
Because of our holding herein we need not consider appellants' other assignment of error.
As a result of the accident Mrs. Robertson's face struck the steering wheel of her automobile. She was seen by a physician on two occasions who diagnosed her injury as "a bad bruise or a contusion of her chin and lower left face". The swelling and the bruised areas had completely subsided when she was last seen by the physician on July 13, 1979. Treatment for her injury consisted of the application of ice packs and the taking of prescribed pills three times a day for approximately ten days. Damages for these injuries will be fixed in the amount of One Thousand and no/100 ($1000.00) Dollars. In addition, plaintiffs are entitled to the stipulated special damages in the amount of Nine Hundred Seventy and 39/100 ($970.39) Dollars. See Temple v. Liberty Mutual Insurance Company, 330 So.2d 891 (La.1976).
Ramer's Grocery, Inc., in brief, argues that we are unable to consider defendants-appellees' third party demand against it due to defendants-appellees' failure to appeal or file an answer to the present appeal. Because the trial court dismissed plaintiff's suit, there was no need for it to consider defendants-appellees' third party demand. Code of Civil Procedure Articles 2083 and 2133 are not designed to require a successful party at the trial level to appeal simply because the appellate court may overturn the trial court's final decision on the merits. Defendants-appellees were not under any necessity to appeal after having received a favorable judgment on the merits in the trial court. According to C.C.P. art. 2133:
"An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant ..."
Thus, under the clear provisions of this article, defendants-appellees were not obliged to answer the appeal since they did not desire to have such judgment modified, revised or reversed in part. See the Supreme Court's original decree in Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La. 1981). The merits of the third party demand are therefore properly before us.
As to defendants-appellees' third party demand, the record is devoid of any evidence which would establish liability on the part of Ramer's Grocery, Inc. As stated hereinbefore, the construction of the driveway which created the vice and/or defect was accomplished by Ramer's predecessor in title, Mr. Price, and not by Ramer's Grocery, Inc.
For these reasons, we dismiss appellees' third party demand against Ramer's Grocery, Inc., reverse the judgment of the trial *369 court and render judgment in favor of Gloria Robertson in the full sum of One Thousand and no/100 ($1000.00) Dollars and in favor of George A. Robertson, Jr. in the full sum of Nine Hundred Seventy and 39/100 ($970.39) Dollars and against the Parish of East Baton Rouge and the City of Baton Rouge, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings in the amount of $466.08.
REVERSED AND RENDERED.