GRISBAUM, Judge.
This is a suit on a lease of a copy machine. An ad hoc judge in the First Parish Court, Parish of Jefferson, granted defendant’s (Barry Towing, Inc.) motion for a. directed verdict and dismissed plaintiff’s (Southern Rental & Leasing Company) claim for past due rental payments. We reverse and remand.
Generally, the plaintiff, lessor, claims the following as error:
(1) The “ad hoc” judge was without authority to decide the case because his appointment was unconstitutional.
(2) Assuming the ad hoc judge had authority to decide the case, the trial court erred in not finding that a contract of a lease existed between plaintiff and defendant thereby entitling plaintiff to recover rental payments under the lease.
In April of 1980 Southern Rental & Leasing, plaintiff, allegedly leased to Barry’s Towing, Inc. a copy machine for $73.72 per month (plus sales tax). Paying several months lease payments in advance, the defendant thereafter made payments each month through March 1981. No rental payments were made in April, May and June; however, in July 1981, one more rental payment was made. Subsequently, no other payments were received by the plaintiff, and the defendant did not return the machine to the plaintiff.
The plaintiff in January 1982 filed suit to recover past due rental payments of $547.05 and attorneys fees as per the lease agreement and to have the lease cancelled and the leased equipment returned. Responding to the plaintiff’s allegation that it had leased to defendant a copy machine at a rate of $73.72 (plus sales tax) per month, the defendant stated the following in its answer:
The allegations in Paragraph II are denied and further answering, defendant had a lease-purchase agreement and that since April 29,1980 the one (I) Albin 1200 S/N 502370 machine has been broken most of the time and defendant has called plaintiff repeatedly to repair this machine.
This case was heard by an ad hoc judge appointed by a parish court judge. At trial, the counsel for plaintiff called as a witness a co-owner of Southern Rental & Leasing Company who had not executed the written lease. When the plaintiff attempted to introduce the written lease, the trial judge, upon objection of the defense, refused to admit the written contract of lease. The plaintiff then attempted to prove an oral lease through testimony of the co-owner. The co-owner testified to the terms of the lease and to the defendant’s conduct under the lease. After allowing plaintiff an opportunity to introduce other evidence, the trial judge granted defendant’s motion for a directed verdict, dismissed plaintiff’s claim for rental payments but ordered the return of the copy machine to the plaintiff, Southern Rental & Leasing Company.
The plaintiff claims that La.R.S. 13:2561.9 which gives authority to the judges of the First Parish Court for Jefferson Parish to appoint a qualified attorney as judge ad hoc for their annual vacation period is unconstitutional because it conflicts with Louisiana Constitution of 1974, Article V, Sections 5(A) and 22. The rule set forth in Louisiana Supreme Court decision, City of Baton Rouge v. Cooley, 418 So.2d 1321 (La.1982), precludes any determination in this appeal of the constitutionality of La.R.S. 13:2561.9. In Cooley, the Supreme Court recognized “the rights and powers of a judge de facto[1] can only be inquired into by suit to which he is a party; that is to say, by a quo warranto, at the suit of the state.” Cooley, 418 So.2d 1321, 1324.
*783 Addressing the second issue, we find the trial judge erred in dismissing plaintiff’s claim on the basis that a lease agreement was not proven. A litigant is bound by the allegations of facts contained in his pleadings. Robertson v. Parish of East Baton Rouge, 415 So.2d 365, 368 (La. App. 1st Cir.1982). The admission in defendant’s answer — “defendant had a lease-purchase agreement ... ” — is a judicial confession and is full proof against the party making it. La.Civil Code art. 2291; Smith v. Board of Trustees of Louisiana, 398 So.2d 1045, 1047 (La.1981). Due to the trial court’s granting of the directed verdict and its dismissal of plaintiff’s claim, defendant did not present evidence in support of its claim that the copy machine was defective. We remand this case for determination of this issue and resolution of the entire case.
For the foregoing reasons the judgment appealed from is reversed and remanded. All costs of the appeal are assessed to Barry’s Towing, Inc.
REVERSED AND REMANDED.

. Cooley distinguished between an officer de facto (such as the ad joe judge in this case) and *783 a mere usurper of an office. “An officer de facto is one who exercises the duties of an office under color of appointment or election to that office, or who has the reputation of being the officer he assumes to be.” A mere usurper, on the other hand, is one who acts as officer without color or right. Cooley, 418 So.2d 1321, 1324.