1,CHEHARDY, Judge.
This is a suit for property loss sustained by plaintiff as a result of a theft while her cai’ was being serviced by defendant. After trial, the trial court ruled in favor of plaintiff, awarding damages in the amount of $3,514.88. Defendant appeals. For the following reasons, we affirm.
During the October 26, 1999 trial on the merits, plaintiff, Dara Vicknair Under-down, testified that in December of 1997, she brought her recently-purchased 1997 Chevrolet Camaro to the service department of defendant, Leson Chevrolet Company, Inc., for a transmission replacement. Plaintiff testified that her vehicle remained there for several days and over a weekend. Plaintiff testified that on the following Monday morning, she was called by her service advisor and told that her car had been vandalized.
Plaintiff testified at trial that the items stolen from her car included a compact disc player/AM/FM radio purchased and installed at Mobile-One for a cost of $394.04; a pair of “bazooka tube” speakers with a cost of $433.89; a radar detector purchased at Service Merchandise for a cost of $86.99; and approximately one hundred and eighty-nine compact discs which she kept in two cases under the seats in her vehicle. While plaintiff did not have receipts for the compact discs she purchased, she estimated that she paid an average of $13.99 for each one.
Is At the conclusion of trial, the trial court took the matter under advisement. Thereafter, on November 8, 1999, the trial court rendered judgment, finding in favor of the plaintiff and awarding her $3,514.88, together with legal interest and costs. This appeal ensued.
On appeal, Leson asserts three assignments of error: the trial court erred in finding Leson liable since Leson had no knowledge of the items taken and Leson acted as a prudent administrator; the trial court erred in its award since plaintiff failed to prove the amount of her damages by competent evidence; and the trial court erred in finding plaintiffs testimony credible.
In its first assignment of error, Le-son argues that the testimony at trial of its two witnesses, plaintiffs service consultant, Cheryl Albert, and Leson’s service director, Paul Sposito, showed that Leson did not know that plaintiffs vehicle contained the items which were stolen when she brought in her vehicle and that Leson acted as a prudent administrator at all times. Leson therefore asserts that it did not breach its duties as a depositary.
An automobile repairer is a compensated depositary. Kirshner v. Johnson, 521 So.2d 697 (La.App. 1 Cir.1988). Generally, a deposit is an act by which a person receives the movable property of another, binding himself to preserve it and return it in kind. La. C.C. arts. 2926 and 2928. A depositary has the duty to preserve the deposit with the same diligence that he uses in preserving his own property. La. C.C. art. 2937.
*178 In a suit against a depositary, the depositor initially has the burden of proving the existence of the contract of deposit and that the thing deposited was not returned or was damaged. From proof of these facts, it may reasonably be inferred that the depositary has not acted as a prudent administrator, and, thus, the depositor has established a pri-ma facie case of liability against the depositary. Thereafter, the burden is on the depositary to exonerate himself from fault.
Polk Chevrolet, Inc. v. Webb, 572 So.2d 1112, 1115 (La.App. 1 Cir.1990) (citations omitted).
|4In this matter, it is clear that a contract of deposit existed and that the thing deposited was damaged. While Leson claims that it was not aware of some of the items which were taken, it was certainly, aware of plaintiffs compact disc player/radio, which was installed in plain view. Furthermore, plaintiff testified that she had taken her car to Leson on at least two prior occasions and was advised that Le-son would safeguard any valuables she left in her vehicle.
Upon review, we find that plaintiff established a prima facie case of liability against Leson and that Leson failed to exonerate itself from fault at trial. We therefore find that the trial court did not err in finding Leson liable for plaintiffs losses.
In Leson’s second assignment of error, it argues that plaintiff failed to prove her losses by competent evidence. We disagree. At trial, plaintiff introduced receipts for all of her stolen items except her compact discs. In that regard, plaintiff testified that she does not keep receipts for the compact discs that she purchases, as they are only approximately $14.00 each. The trial court found this to be a reasonable explanation. Moreover, as the general price of a compact disc is well known, the trial court did not need receipts for each of plaintiffs stolen compact discs in order to calculate her loss. The trial court was well within its discretion to find that plaintiffs losses were adequately proven by her testimony and the receipts which were introduced into evidence.
In its final assignment of error, Leson argues that the plaintiffs testimony was not credible. In support of its argument, Leson cites the trial testimony of its own witnesses, who contradicted plaintiffs testimony regarding some ancillary facts surrounding the theft.
It is well settled that where there is a conflict in the testimony, a court of appeal may not disturb a trial court’s reasonable evaluations of credibility and reasonable inferences of fact. Rosell v. ESCO, 549 So.2d 840 (La.1989). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Stobart v. State, Through DOTD, 6171 So.2d 880 (La.1993). Thus, where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
In this matter, the trial court was well within its discretion to accept plaintiffs testimony regarding her losses.
Accordingly, for the foregoing reasons, the trial court’s November 8, 1999 judgment, awarding plaintiff $3,514.88, together with legal interest and costs, is hereby affirmed. Costs of this appeal are assessed against defendant.
AFFIRMED.