337 So.2d 652 (1976)
Wilda MELANCON
v.
Bill JUNO d/b/a Bill's Truck Stop and Trailer Service.
No. 7506.
Court of Appeal of Louisiana, Fourth Circuit.
September 14, 1976.
Rehearing Denied October 13, 1976.
Daniel E. Becnel, Jr., Reserve, for plaintiff-appellant.
*653 Jules A. Carville, III, Carville & Edrington, La Place, for defendant-appellee.
Machale A. Miller, Montgomery, Barnett, Brown & Read, New Orleans, for third-party defendant.
Before REDMANN, LEMMON and BOUTALL, JJ.
REDMANN, Judge.
Plaintiff appeals from the dismissal of her claim for $4,000 damages from moving her house trailer. We reverse and award $448.
Defendant mover testified that plaintiff agreed he would not be responsible when she insisted on moving the trailer despite the wetness of the land from which and to which it was to be moved. Defendant's tow-truck promptly bogged down in soft mud, while plaintiff's attached trailer was still on the street, and a third party (made third-party defendant but not brought before us on this appeal) was called to assist. When the trailer also bogged down despite the third party's efforts to move it with a winch, defendant left the job, disclaiming further responsibility. Plaintiff employed others to complete the job.
The bulk of the damages claimed were done after defendant left. The only damage prior to his leaving was to two axles and to one rear panel, and this damage occurred when the third party was using his winch. Defendant helped in the winch operation, but says the third party was the person who supposedly knew about winch operations and who directed the operation. The third party testified that defendant directed the operation.
The trial judge concluded that plaintiff "failed to prove by a preponderance of the evidence that these defendants (sic) caused in fact the damage complained of." This conclusion is amply supported by the evidence as to most of the damages claimed, which may have been done done by a fork-lift whose brief presence is unexplained; but we deem the trial judge's conclusion erroneous as to the axles and the one rear panel.
Everyone agrees that the axle and rear panel damage was done prior to defendant's quitting the job; and that it was done by the third party's winch while being used by these two persons together. Each of these two blames the other, but the overall circumstances show that they acted in concerteven after the first axle brokeand defendant cannot exculpate himself on the theory that he was following instructions of the third party.
We must reject defendant's argument that, in effect, plaintiff agreed he would not be responsible for any damages. An agreement to relieve one from liability for his malperformance of a contract is in substance comparable to an agreement to indemnify one against one's own negligence. Such an indemnity must be "expressed in unequivocal terms," Green v. Taca Int'l. Airlines, La.1974, 304 So.2d 357, 361. Defendant's testimony does not assert any express and unequivocal stipulation that he would not be liable for his own malperformance.
We will therefore award to plaintiff, consistent with the repairman's estimates, $400 for replacing the axles and $48 for replacing the one rear panel. The temporary repairs to the axles, the removal of the trailer from the mire and the leveling of the deep ruts caused were all done by the same third party who assisted in causing those damages. His unpaid bills to plaintiff are not collectible from her, and we therefore need not award their amount to her.
The other damages to the trailer may well have resulted from some third party's bungling efforts to complete the moving contract which defendant had obliged himself to perform. His pre-contract insistence that he would not be "responsible" due to the wetness might have constituted an agreement that he could withdraw from the contract in case of a bog-down. But assuming he had no right to withdraw and therefore breached his contract, his liability would only extend to "the damages . . . sustained by his default," C.C. 1930, i. e., the reasonable cost of completing the contract in excess of the *654 original contract price. The damages caused by successor contractors' bungling (whether by misusing a fork-lift or not) were not "sustained by" reason of the original contractor's default.
We also reject plaintiff's argument that defendant is liable for all damages as a depositary under C.C. 2937. If he ever was a depositary, defendant was no longer, once he left the job and plaintiff employed a third party to complete it.
Finally, we reject plaintiff's argument that trial should have been reopened after submission in order to allow testimony about the fork-lift. There was ample pretrial time for plaintiff to have developed this aspect of her case. We find no abuse of the trial court's discretion.
Reversed; judgment for plaintiff against William Juneau for $448 with legal interest from judicial demand and all costs.