409 So.2d 1285 (1982)
Tex C. MERCER, Plaintiff-Appellee,
v.
COLUMBIA EQUIPMENT COMPANY, INC., Defendant-Appellant.
No. 14751.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1982.
Harold D. Vaught, Shreveport, for defendant-appellant.
Smith & Bowers by Glen H. Smith, Shreveport, for plaintiff-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
Defendant appeals a judgment rendered in favor of a former employee for the value of tools allegedly stolen from the employer's premises after working hours, contending the trial judge erred in (1) finding the parties had entered into a contract of deposit *1286 and (2) holding that the loss of the tools was due to the employer's lack of care.
We affirm.
Plaintiff was hired as a mechanic by defendant in January 1974. In accordance with company policy, plaintiff was required to furnish his own tools. Defendant normally employed from four to six mechanics. Although permitted to take their tools with them after working hours, the mechanics usually left them in the individual bays where they worked, except on occasions when they "moonlighted" on other jobs. Defendant's premises included a tool room where the mechanics could place their tools after working hours for security purposes. However, defendant did not require their use of the room and it was established that the mechanics seldom if ever stored their tools in that room.
At the beginning of his employment with defendant, plaintiff arranged to have his tools transported to defendant's shop in a relative's pickup truck. The tool box, measuring some four feet high and two and one-half feet wide, consisted of two partsa roll cabinet on bottom and a separate unit sitting on top. Because of the bulk and weight of the units, two men were required to load them onto the truck and later carry them into defendant's shop. The units would not fit in a car, which was plaintiff's sole method of transportation during his first months of employment with defendant.
Plaintiff testified that at the end of the working day he routinely left his tools in the area where he was workingas did the other mechanics. He stated that taking his tools back and forth home every day or on the weekends would have simply been impractical, since this would have required his securing a pickup truck (before his was repaired) and hiring someone to assist in lifting the box. This obvious fact was acknowledged by defendant's general manager.
Upon reporting for work on the morning of October 14, 1976, plaintiff discovered that the top part of his tool box and the tools contained therein were missing. After his employer declined to reimburse plaintiff for his loss, this litigation ensued. At the trial on the merits the parties stipulated that the value of the missing tools was $1229.02.
In his written opinion, relying upon the recent case of Harper v. Brown & Root, Inc., 391 So.2d 1170 (La.1980), the trial judge found a contract of deposit had been established between the parties; the property in question was lost while deposited; and defendant did not rebut the legal presumption that the loss resulted from the depositary's lack of care.
Louisiana Civil Code Article 2926 defines a "deposit" as "an act by which a person receives the property of another, binding himself to preserve it and return it in kind." This contract is created by the parties' mutual consent, either express or implied. The other requisite for formation of the contract is delivery of the property. A depositary's acceptance of delivery may imply consent. La.C.C. Arts. 2930, 2932, 2933. A partial surrender of possession and control may constitute a delivery if the necessary consent or intent to create a deposit is found. Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La.1973).
In the Harper case, supra, a mechanic sued his employer for the loss of tools stolen from the employer's power plant construction site after working hours. It was shown that plaintiff was required to furnish his own tools, which filled two chests. During working hours these tools were transported around the construction area on a company truck, which was parked near a guard shack after working hours. Employees, upon obtaining a permit, could remove their tools from the construction area at the end of the day. However, the mechanics usually left their tools on the company truck, stationed within a fenced area, with the gates locked. Guards were on duty 24 hours a day. Reversing lower court judgments in favor of the employer, the Louisiana Supreme Court held:
"Under these circumstances the employee as a practical matter was virtually *1287 required to leave his tools at the construction site and cannot reasonably be viewed as having done so for his own convenience as a matter of choice. We hold that when the employee initially furnished the tools on the job site, the parties implicitly intended that the employer would preserve the tools and return them to the employee, partially during each working day and completely at the termination of his employment. The fact that both parties exercised some degree of possession and control each day does not necessarily exclude a finding of receipt and delivery necessary to constitute a deposit, when the parties by their words and action clearly intended the creation of this relationship."
Despite appellant's argument to the contrary, we find that Harper is factually indistinguishable from the case at bar. In both the employee was required to furnish his own tools at the job site and it was impractical for him to take the tools with him at the end of the work day. Consequently, we agree with the trial judge that a contract of deposit was established here between the plaintiff employee and the defendant employer, based upon the nature of their arrangement with reference to the tools and the circumstances of the case. There was consent (implied) to the deposit by the requirement that the employee use his own tools at defendant's work premises. The impracticality of removing the tools each day after working hours required their delivery to the employer for safekeeping. The fact that both parties exercised some degree of possession over the tools does not militate against characterizing the legal relationship as a contract of deposit. See Coe Oil Service, Inc. v. Hair, supra.
Having determined that there was a contract of deposit, we next examine the duty of the depositary. La.C.C. Art. 2937 stipulates that the "depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property." Our jurisprudence has established that a depositary's obligations under this codal article are those of a "prudent administrator." Brown & Blackwood v. Ricou-Brewster Bldg. Co., 239 La. 1037, 121 So.2d 70 (1960); Leatherman v. Miller's Mutual Fire Ins. Co., 297 So.2d 540 (La.App.3rd Cir. 1974); Insured Lloyds v. Liberty Mutual Ins. Co., 295 So.2d 206 (La.App.3rd Cir. 1974).
Once the depositor proves the existence of the contract of deposit and the loss of the deposited articles, there is a presumption that the depositary has not fulfilled his obligation to act as a prudent administrator. Harper v. Brown & Root, Inc., supra, p. 1173.
It follows that, in this case, it became incumbent upon the defendant depositary to exonerate itself from liability by proving, as an affirmative defense, that it had acted as a prudent administrator in safeguarding the deposited property, i.e., plaintiff's tools. In fact, the record is practically devoid of evidence pertaining to measures taken by defendant to secure its premises against burglaries, other than the fact that its building was locked at night. The existence of other protective devices is left to speculation. Defendant's general manager indicated that the mere presence of a fence around the building might have resulted in coverage of this particular theft under its insurance policy. Apparently, there was no fence. In summary, we agree with the trial judge that the defendant employer failed to rebut the presumption that it was not a prudent administrator with reference to the deposited property.
For these reasons, we affirm the judgment of the district court, at appellant's cost.