495 So.2d 351 (1986)
Robert K. FREEMAN, Plaintiff-Appellant,
v.
John GARCIA, d/b/a Jewelers Service, Defendant-Appellee.
No. 18010-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1986.
Burkett & Chevallier by Edward Chevallier, Many, for plaintiff-appellant.
Cook, Yancey, King & Galloway by Sidney E. Cook, Jr., Shreveport, for defendant-appellee John Garcia.
Fayard & Snell by A. Richard Snell, Shreveport, for third party defendant-appellee Doug Viers.
Before MARVIN, JASPER E. JONES and LINDSAY, JJ.
*352 LINDSAY, Judge.
The plaintiff, Robert K. Freeman, filed suit against John Garcia d/b/a Jewelers Service and against Douglas Viers d/b/a Base Watch Repair Lab for damages caused when plaintiff's watch was stolen from Vier's business. The trial court granted judgment in favor of plaintiff in the amount of $1,000 for damages against Viers alone. Plaintiff appealed the judgment, claiming the trial court erred in not finding Viers and Garcia liable in solido for the loss of the watch, in assigning a value of only $1,000 to the watch, and in assessing him, as the successful plaintiff, with one-half the court costs. For the following reasons, we affirm in part and reverse in part the trial court judgment.
Plaintiff was the owner of a Bulova watch, the face and watchband of which were encrusted with gold nuggets. The band also had two jade stones, one on either side of the watch face. Plaintiff won the watch in a card game. A friend of plaintiff's, Deborah Trainer, took the watch to the defendant, John Garcia, d/b/a Jewelers Service, for repairs. Garcia could not do the necessary refinishing of the watch face and band but Douglas Viers, d/b/a Base Watch Repair Lab was capable of doing the necessary work. Garcia sent the watch to Viers for an estimate and then Viers returned the watch to Garcia. Garcia again transferred the watch to Viers for the necessary work. Upon dismantling the watch, a portion of the case was broken and this was returned to Garcia for repair. Viers kept the watch band, face and internal mechanism.
Viers had no burglar alarm system in his business nor did he have insurance. Property being serviced at the business was stored in a large safe bolted to the floor. On or about July 28, 1982, Viers' business was burglarized and the safe and its contents, including plaintiff's watch face and band, were stolen.
Plaintiff originally filed suit to recover for the loss of the watch against Garcia alone, claiming the watch was worth $5,000. Garcia answered and asserted a third party demand against Viers. Plaintiff then amended his petition to add Viers as a defendant and assert the value of the watch was $25,000.
The parties filed five depositions in the record, as well as their evidentiary exhibits and the case was then taken under advisement by the trial court. A judgment was filed on November 7, 1985 finding Garcia free of negligence, finding Viers to be negligent and ordering him to pay plaintiff $1,000 in damages for loss of the watch. Court costs were assessed one-half to Viers and one-half to Freeman.
In reasons for judgment, the trial court said a deposit existed only between the plaintiff and Viers and that Viers failed to carry his burden of proof to show he was not negligent in safeguarding plaintiff's property on his premises.
For the following reasons, we reverse in part and affirm in part the trial court judgment.

SOLIDARY LIABILITY
Plaintiff claims John Garcia and Douglas Viers were solidarily liable for the loss of the watch. The trial court found that only Douglas Viers was responsible for the loss of the watch. The record clearly shows that Garcia accepted the watch from Trainer and that Garcia ultimately transferred it to Viers. Although argued to the contrary in defendant's briefs, there is no evidence in the record that plaintiff or Trainer authorized defendant Garcia to transfer the watch to Viers and the fact was specifically denied by Freeman in his testimony. Therefore, Garcia and Viers were depositaries of the watch and responsible for the loss.
LSA-C.C. Art. 2926 provides that a deposit is created by the act of one who receives the property of another, binding himself to preserve it and return it in kind. Under LSA-C.C. Art. 2937, the depositary has the duty to use the same diligence in preserving the deposit that he uses in preserving his own property. The depositary is bound to act as a prudent administrator.
*353 LSA-C.C. Art. 2938 provides that the responsibility of the depositary is to be rigorously enforced when the depositary is a compensated depositary, as were Garcia and Viers. Once the depositor proves the existence of the deposit and the loss, there is a presumption the depositary has not fulfilled his obligation and must prove as an affirmative defense that he acted as a prudent administrator in safeguarding the property. Mercer v. Columbia Equipment Company, Inc., 409 So.2d 1285 (La. App. 2d Cir.1982), writ denied 413 So.2d 507 (La.1982).
When one depositary accepts the property of another, delivers that property to another for repair and the property is lost while in the possession of the repairer, both parties have the burden of exonerating themselves from the presumption of fault or negligence. When the codepositaries fail to do so, they are solidarily liable to the owner. Home Insurance Co. v. Southern Specialty Sales Co., 225 So.2d 776 (La.App. 4th Cir.1969); Leone v. Government Employees Insurance Co., 433 So.2d 307 (La.App. 1st Cir.1983). LSA-C.C. Art. 2957 provides that when several persons have received the same object in deposit, each of them is bound to restore the whole. Therefore, under this article, Viers and Garcia were solidarily liable for the loss of the watch. Also, under LSA-C.C. Art. 2324, persons whose concurring fault causes loss are solidarily liable.
Cases dealing with the duty of those safeguarding valuable property of others, such as jewelry, have exonerated the depositary on a showing that a functional burglar alarm system was utilized. Travelers Insurance Company v. Coleman E. Adler, Inc., 285 So.2d 381 (La.App. 4th Cir.1973). However, when no safety measures were utilized the depositary has been found to be at fault. Federal Insurance Company v. C & W Transfer and Storage Company, Inc., 282 So.2d 563 (La.App. 4th Cir.1973).
In the present case, the plaintiff showed that the watch was deposited with Garcia. Garcia accepted the watch in order to make repairs. At this point, Garcia became a depositary of the watch. Thereafter, Garcia transferred the watch to Viers for repairs which Garcia was not equipped to make. This transfer of property from Garcia to Viers also made Viers a depositary of plaintiff's watch.
As codepositaries, both Garcia and Viers had the duty to act as prudent administrators in safeguarding plaintiff's property. The record shows that the watch was stolen. This created the presumption that Garcia and Viers failed in their duty to act as prudent administrators and placed upon them the burden of rebutting this presumption. Neither has carried that burden.
Viers admitted the only protection utilized for safeguarding the valuable property of others left in his care was the safe located inside his place of business. Viers, a jewelry dealer whose business was a presumptive target of burglars, had no burglar alarm system, no guard service and no insurance to protect the property of others. Because his only safety measure was inadequate to properly safeguard valuable jewelry belonging to others which was entrusted to his care, and to provide for its safe return, Viers was negligent and is liable to the plaintiff for the loss of the watch.
Garcia made no showing of any measures which he took to safeguard plaintiff's property. Garcia failed to inquire into the use by Viers of a burglar alarm system, guards, or whether Viers was insured against loss of property kept on his premises.
As in Home Insurance Co. v. Southern Specialty Sales Co., supra, Garcia cannot avoid his responsibility to Freeman as a depositary by having the repairs made by Viers. Garcia remains bound to Freeman to restore the watch despite the fact the loss occurred while the property was in Viers' possession. Therefore, Garcia and Viers are solidarily liable to Freeman for the loss of the watch.[1]
*354 Garcia and Viers were bound, and continued to be bound, to restore the watch to their depositor and, as aforesaid, both are solidarily liable to the plaintiff. However, the loss occurred through the primary fault of Viers. The watch was in his custody and he bore the primary responsibility for its care, safekeeping and return. Under these circumstances, Garcia is entitled to indemnification on his third party demand against Viers for any amount or amounts of the judgment on the main demand which Garcia actually pays, together with legal interest thereon from the date of such payment or payments, and for all costs expended by Garcia in this suit. See Home Insurance Company v. Southern Specialty Sales Company, supra.

VALUE ASSESSMENT
Plaintiff asserts the trial court erred in assessing the value of the stolen watch at $1,000. Plaintiff contends the value was much greater and the trial court abused its discretion in making an award far below the value of the watch. We find this argument to be meritless and affirm the trial court judgment in favor of plaintiff in the amount of $1,000.
Plaintiff introduced by deposition the testimony of John Martin, who had worked on the watch on previous occasions. Martin could not remember the precise dates upon which he had seen the watch nor was he sure as to the amount of gold contained in the watchband or whether the stones on the band were, in fact, jade. Plaintiff also offered the testimony of Exie Taylor who stated the watch and band were manufactured by an artisan in Alaska and that the watch was a collector's item. She estimated the value of the watch on this basis. She was imprecise in her valuation and admitted she had no knowledge of the value of the gold actually contained in the watch and band.
The trial court has great discretion in fixing the amount of damages to be awarded for the loss of personal property. Such a determination will not be overturned absent a showing that the trial court was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). In the present case plaintiff has failed to establish that the watch was worth in excess of $1,000. We also note that the inner workings of the watch were not stolen. We find that the trial court's judgment setting the value of the watch at $1,000 was not clearly wrong and we affirm the trial court award.

COURT COSTS
Plaintiff also claims the trial court erred in assessing costs one-half to Viers and one-half to the successful plaintiff. The trial court was clearly wrong in its ruling and for the following reasons we reverse that portion of the judgment.
LSA-C.C.P. Art. 1920 provides that:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
Assessment of costs lies within the discretion of the trial court and unless there is an abuse of that discretion the assessment of costs will not be reversed. Succession of Batton v. Prince, 384 So.2d 506 (La.App. 2d Cir.1980); Johnson v. Hendrix Manufacturing Co., Inc., 475 So.2d 103 (La.App. 2d Cir.1985). When a prevailing party is taxed with the costs of litigation, it is *355 usually because the party in some way incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. Bowman v. New Orleans Public Service, Inc., 410 So.2d 270 (La.App. 4th Cir.1982); Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (La.App. 5th Cir.1984), writ denied 449 So.2d 1359 (La.1984).
In this case, there is no showing that plaintiff caused costs to be incurred pointlessly, or engaged in any other conduct justifying the assessment of costs against it. Therefore, we conclude the trial court abused its discretion in casting the plaintiff with one-half the costs.

CONCLUSION
For the above stated reasons we affirm in part and reverse in part the trial court judgment. We find Garcia and Viers were both depositaries of Freeman's watch and are solidarily liable to Freeman for the loss of the watch in the amount of $1,000 together with legal interest from the date of judicial demand until paid and for all costs of these proceedings herein and in the court below. We award Garcia judgment on his third party demand against Viers for any amount of the judgment on the main demand which Garcia actually pays together with legal interest from the dates of such payment or payments and for all costs expended by Garcia in this suit.
We affirm the trial court valuation of the watch at $1,000.
We reverse the trial court judgment assessing the costs of the litigation one-half to Viers and one-half to the successful plaintiff.
Accordingly, the trial court judgment is recast to provide as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Robert K. Freeman, and against John Garcia d/b/a Jewelers Service and Douglas Viers, d/b/a Base Watch Repair Lab, in solido, in the full sum and amount of $1,000 together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings herein and in the court below.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of John Garcia d/b/a Jewelers Service on his third party demand and against Douglas Viers d/b/a Base Watch Repair Lab for any amount or amounts of the judgment on the main demand which John Garcia d/b/a Jewelers Service actually pays, together with legal interest thereon from the dates of such payment or payments, and for all costs expended by John Garcia d/b/a Jewelers Service, in this suit.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] Garcia argues against solidary liability with Viers claiming that under Melancon v. Juno, 337 So.2d 652 (La.App. 4th Cir.1976) an original depositary is not liable for damage done by a subsequent depositary. Melancon is factually distinguishable from the present case. In Melancon, plaintiff deposited her trailer with defendant in order to have it moved. Defendant was unable to complete the task and abandoned the job. Plaintiff then entrusted the trailer to a third party who damaged it. In the present case, plaintiff's agent gave the watch to Garcia who then transferred it to Viers, creating a situation of co-deposit, not subsequent deposit, as existed in Melancon.