### BLOOMENSTIEL v. TRIDICO.

#### In re MIRE, Sheriff.
#### No. 1369.

Court of Appeal of Louisiana, First Circuit.
Oct. 3, 1934.

See, also, 156 So. 790; 149 So. 912; 152 So. 79.

Charles T. Wortham, of Donaldsonville, for appellant.

Caleb C. Weber, of Donaldsonville, for appellee.

ELLIOTT, Judge.

Mose F. Bloomenstiel, plaintiff in a suit against Tony Tridico, alleges that he caused the sheriff of Ascension parish, in the execution of a writ of fieri facias against Tony Tridico, to seize a certain automobile, the property of said Tridico. That he (the sheriff) permitted it to go out of his possession and to be used constantly by third parties, which use made of it greatly diminished its value.

Alleging that it is the duty of the sheriff to account to him for its rental value, which he alleges is $1 a day, he ruled the sheriff into court to show cause why he should not be ordered to pay him $629. The minutes of the lower court say that an answer was filed by V. P. Mire, sheriff, and there appears in the record a paper acted on in the lower court as an exception to the form of procedure; the defendant alleging that if any suit would lie for the purpose alleged in the rule, the same should be by direct action and not by rule, and a further exception that plaintiff's rule discloses no right or cause of action. Under reservation of these exceptions, the same paper continues as an answer to the merits, in which the defendant denies liability and sets up defenses to the merits. The paper bears no filing mark, and is not signed nor verified by anybody.

The lower court, assigning written reasons, took cognizance of the defense urged in this paper, that the action was against the sheriff for damages and that the procedure should have been by direct action and not by rule, taking no notice of the condition of the paper. The plaintiff in rule, arguing the matter in his brief, takes no notice of the condition of the paper. Plaintiff in rule could have objected to the action of the lower court in treating the paper as an exception or other form of appearance, but did not. We therefore follow the example of the lower court in that respect.

The lower court held that the rule against the sheriff was in effect an action for damages, and that the procedure should be by direct action and not by rule. The lower court did not act on the merits, but only on the form of the action, and discharged the rule on that account. The appeal is from the ruling of the court on that subject. We can do no more than review the judgment appealed from. The case was tried on the merits but the ruling was as stated. The rule does not allege that the sheriff rented the automobile nor collected anything on account of its use.

The evidence does not show that the sheriff collected anything on account of the use made of the automobile.

The Code Practice, arts. 98 and 756, provides how summary proceedings are to be conducted, and when same may be resorted to.

Code Practice, art. 659, and Civil Code, art. 2980, provide what the sheriff is to do when he seizes movable property. If he allows or permits to be made a wrongful use of the property he has seized, the process against him should be for damages, and the procedure should be by ordinary action provided for by Code Practice, arts. 98, 124 and 146.

The case Dussin v. Delaroderie, 5 Rob. 202, cited in defendant's brief is an authority in line.

The lower court held that the plaintiff had no right to proceed against the defendant sheriff by summary process for the recovery of damages claimed, on the ground alleged in plaintiff's petition.

We think the lower court ruled correctly.

Judgment affirmed, but plaintiff is reserved the right to proceed by *ordinary action* against the sheriff for recovery of damages on account of the same cause of action.

Plaintiff-appellant to pay the cost in both courts.