522 So.2d 1134 (1988)
Gee Dan WONG
v.
EAST BATON ROUGE PARISH SHERIFF'S OFFICE.
No. CA 86 0616.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
Writ Denied April 22, 1988.
*1135 Kevin O'Bryon, New Orleans, for Gee Dan Wong.
Stephen C. Riedlinger, Baton Rouge, for East Baton Rouge Parish Sheriff's Office.
Before EDWARDS, SHORTESS, LANIER, CRAIN and FOIL, JJ.
LANIER, Judge.
This action is a suit for damages in tort and contract by an initial seizing creditor with an inferior mortgage against a sheriff [1] which contends the mortgaged property was subsequently seized and sold by a superior creditor, the sheriff did not give actual notice to the inferior creditor of the seizure and/or impending sale of the mortgaged property by the superior creditor, *1136 the inferior creditor lost his security interest in the mortgaged property as a result of the sale pursuant to the superior creditor's seizure, the sheriff violated his duty as a judicial depositary by "enacting a subsequent seizure and judicial sale of the property" without giving actual notice thereof to the inferior seizing creditor, and, therefore, the sheriff was liable for damages. The sheriff filed a motion for summary judgment asserting the suit should be dismissed because the initial seizing creditor failed to request notice of seizure, as provided for in La.R.S. 13:3886, and this barred his recovery. The trial court granted the summary judgment. This devolutive appeal followed.

FACTS
The record reflects the following undisputed facts.
On October 27, 1982, Frank I. Mercante and Carol Chabina Mercante (Mercantes) granted a mortgage in favor of Gee Dan Wong on immovable property, described as Lots 301 and 302 of the Baker Hills Subdivision, Fourth Filing, in East Baton Rouge Parish. The mortgage secured a debt of $8,400, with interest thereon of 12% per annum. Wong was furnished two certificates of title examination dated October 28, 1982, which showed that Lot 301 had two superior mortgages on it totaling $80,350 in principal, and Lot 302 had two superior mortgages on it totaling $34,500 in principal.
Pursuant to an order (writ) of seizure and sale issued by the Nineteenth Judicial District Court (JDC) on April 15, 1983, in the action entitled Finance America Industrial Plan, Inc. v. Frank I. Mercante and Carol Chabina Mercante, docket number 265,051, the Sheriff of East Baton Rouge Parish (Sheriff) seized Lot 301. Lot 301 was advertised for sale on May 13 and June 13, 1983, and it was sold at public auction on June 15, 1983, to Finance America Industrial Plan, Inc. for $33,496.27. The Sheriff's deed shows that the certificate of mortgage, provided by the Clerk of Court of East Baton Rouge Parish, had eighteen entries on it and showed that the security interest of the seizing creditor was superior to that of Wong. The Sheriff's deed also canceled Wong's mortgage insofar as it affected Lot 301. In brief, "Wong makes no complaint regarding the cancellation of his security interest in this lot."
On August 11, 1983, Wong filed a suit for executory process against the Mercantes under docket number 269,602 of the Nineteenth JDC. On August 22, 1983, pursuant to an order of seizure and sale issued by the Nineteenth JDC, the Sheriff seized Lots 301 and 302. There was no subsequent court order issued in this action to release the seizure of Lot 302.
On or about October 6, 1983, Mable Calloway Welch filed suit against the Mercantes under docket number 271,344 of the Nineteenth JDC. On October 13, 1983, pursuant to an order of seizure and sale issued in this action by the Nineteenth JDC, the Sheriff again seized Lot 302.
By letter dated October 26, 1983, counsel for Wong informed the Sheriff, in pertinent part, as follows:
Please be advised that plaintiff, Gee Dan Wong, and this office, as plaintiff's attorney, hereby release and hold harmless the Sheriff's office, the Sheriff, the Parish of East Baton Rouge, State of Louisiana, and all employees and agents of any and all responsibility and liability in connection with the seizure and sale of real property located as Lot No. 301 and/or 302 in the Baker Hills Subdivision, fourth filing, Parish of East Baton Rouge, State of Louisiana in case No. 269-602, Gee Dan Wong v. Frank I. Mercante and Carol Chabina Mercante, as per order of the Honorable Louis S. Doherty, writ of seizure and sale.
We further agree to defend and/or at the option of the Sheriff, Parish of East Baton Rouge, State of Louisiana to reimburse the East Baton Rouge Sheriff's office, the Sheriff, Parish of East Baton Rouge, his employees or agents for costs in connection with defending of any claim which may arise out of the above captioned matter.
In the action by Welch against the Mercantes, the sale of Lot 302 at public auction *1137 was advertised on November 10 and December 12, 1983, and it was sold on December 14, 1983, to Joseph T. Bonadona, Jr. for $15,625. The Sheriff's deed shows that the certificate of mortgage provided by the clerk of court had seventeen entries on it and showed that apparently the security interest of Welch was superior to that of Wong. The ranking of the Welch and Wong security interests is not at issue. The Sheriff's deed also canceled Wong's mortgage insofar as it affected Lot 302. The Sheriff gave no actual[2] notice of the December 14, 1983 public sale to Wong. Wong did not file a request for notice of seizure of Lot 302 in the mortgage records of East Baton Rouge Parish prior to the seizure or sale of Lot 302.
In Wong's suit against the Mercantes, the sale of Lots 301 and 302, scheduled for March 7, 1984, was advertised on February 3 and March 5, 1984. The sale was not held when the Sheriff discovered Lot 302 had been sold on December 14, 1983. Wong intended to attend the March 7, 1984 public auction and "bid an amount sufficient to protect any superior mortgages and obtain possession of the property, or alternatively to protect the amount of his own mortgage in the event that another bidder desired to acquire the said property, whichever was less."

LIABILITY OF THE SHERIFF

(Assignments of Errors 1, 2 and 3)
On appeal, Wong asserts the following as his first three assignments of error:
1. The trial court erred in interpreting La.R.S. 13:3886, providing a right to request specific notice of seizure of immovable property, as providing an affirmative defense in the nature of contributory negligence against actions brought against the Sheriff by seizing creditors whose property disappears from the Sheriff's custody.
2. The trial court erred in concluding that plaintiff's conduct in failing to request notice of seizure was negligence, where plaintiff had already had seizure of the particular property effected on his behalf by the Sheriff.
3. The trial court erred in applying the doctrine of contributory negligence to this case, which is properly subject to the doctrine of comparative negligence.
In his appellate briefs, Wong further asserts the trial court erred by (1) holding the liability of the Sheriff was controlled by La.R.S. 13:3886, and (2) failing to find that the Sheriff had a duty to produce Lot 302 for sale at public auction pursuant to his (Wong's) seizure and/or to give him actual notice of the sale by Welch, as required by La.C.C.P. art. 326, La.C.C. arts. 2926 et seq. and La.C.C. art. 2315.

The Sheriff's Duties as a Judicial Depositary (Sequestrator)
Generally, a deposit is an act by which a person receives the property of another, binding himself to preserve it and return it in kind. La.C.C. art. 2926. A deposit is a type of contract. S. Litvinoff, 6 Louisiana Civil Law Treatise, Obligations, § 123Real Contracts, pp 204-207 (1969); Comment, Bailment and Deposit in Louisiana, 35 La.L.Rev. 825 (1975). When a court orders property to be seized by a sheriff, a type of deposit called a judicial sequestration is created. La.C. C. art. 2927, 2972, 2979 and 2981. Some of the obligations of a sheriff as a judicial sequestrator (or guardian) are set forth in La.C.C. art. 2980 as follows:
The appointment of a judicial guardian produces, between the person seizing and the guardian, reciprocal obligations. The guardian must use, for the preservation of the effects seized, the care of a prudent head of a family; he must produce them either for the discharge of the person who has seized them for sale, or to the person against whom the execution was levied, in case the seizure be raised.
The obligation of the party that has seized the property, consists in paying the guardian his legal fees.
*1138 La.C.C.P. art. 326 provides, in pertinent part, as follows:
He [the sheriff] may take actual possession of all immovable property seized, unless it is under lease or occupied by an owner.
He shall safeguard, protect, and preserve all property seized of which he has taken or is required to take actual possession; and for such purposes may appoint a keeper of the property.
The sheriff (as a judicial sequestrator) is also subject to all the obligations imposed on a conventional sequestrator. La.C.C. art. 2981. The judicial sequestrator may not restore the thing deposited or exonerate himself from the care of the thing sequestered until after a decision in the suit. La.C.C. arts. 2977 and 2978. In addition, and although not provided for in the Civil Code, the jurisprudence of this circuit imposes on a sheriff the obligations of a depositary properly so called, as provided for in La.C.C. art. 2937 et seq. Baker Bank & Trust Company v. Chausse, 393 So.2d 261 (La.App. 1st Cir.1980), writ denied, 397 So.2d 1364 (La.1981). As such, a sheriff has the duty to preserve the deposit with the same diligence that he uses in preserving his own property. La.C.C. art. 2937. However, a sheriff must act only as a prudent administrator. Freeman v. Garcia, 495 So.2d 351 (La.App. 2nd Cir.1986). He is not an insurer of the deposit and is not required to guard against every conceivable unlawful act that may be committed against the deposit. Willis v. Louisiana Downs, Inc., 499 So.2d 155 (La.App. 2nd Cir.1986).
In a suit against a depositary (judicial sequestrator), the depositor initially has the burden of proving the existence of the contract of deposit and that the thing deposited was not returned or was damaged. Leone v. Government Employees Insurance Company, 433 So.2d 307 (La. App. 1st Cir.1983); Comment, Bailment and Deposit in Louisiana, supra, at 825. From the proof of these facts, it reasonably may be inferred that the depositary has not acted as a prudent administrator, and, thus, the depositor has established a prima facie case of liability against the depositary. Ibid. Thereafter, the burden is on the depositary to exonerate himself from fault. Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La.1973).

Duty of Sheriff to Give Actual Notice of Seizure to Another Seizing Creditor
The Sheriff contends that his duty to give actual notice to Wong is controlled by La.R.S. 13:3886, and, because Wong did not request the notice provided for in the statute, he (the Sheriff) had no duty to give actual notice. Wong contends the Sheriff's duty to give actual notice "arises naturally from the Sheriff's position as depositary and judicial guardian", and La.R.S. 13:3886 "does not evidence any legislative policy in favor of relieving the Sheriff of legal liability" and "is directed to parties other than those who have accomplished a seizure." Wong also asserts the Sheriff "must provide actual notice as a minimum precaution against the overwhelming likelihood that his trust will be violated when he is unable to produce the seized property for a second sale."
La.R.S. 13:3886 was enacted by Act 615 of 1982, became effective September 10, 1982, and provides as follows:
A. Any person desiring to be notified in the event specific immovable property is seized shall file a request for notice of seizure in the mortgage records of the parish where the immovable property is located. The request for notice of seizure shall state the legal description of the immovable property, the owner of the property, and the name and address of the person desiring notice of seizure. The person desiring notice of seizure shall pay the sum of ten dollars to the sheriff, for deposit in the sheriffs' general fund, to defray the cost of providing the notice of seizure in the event said property is seized.
B. In the event of seizure of immovable property, the sheriff shall request from the clerk of court, or the recorder of mortgages for the parish of Orleans, a mortgage certificate at least twenty-one days prior to the sheriff's sale. The mortgage certificate shall include any requests *1139 for notice of seizure. Upon receipt of the mortgage certificate the sheriff shall notify, at least ten days prior to the sheriff's sale, those persons requesting notice of the seizure. The notice of seizure shall be by certified mail or actual delivery and shall include the name and address of the seizing creditor, the method of seizure and the sum owed, and the date of the sheriff's sale.
C. Neither the clerk of court nor the sheriff, or any of their officers, agents, or employees, shall be held liable if a reasonable attempt has been made to mail or deliver the notice to the address provided in the request.
D. The failure of the sheriff to notify a person requesting notice of seizure shall not affect the rights of the seizing creditor nor invalidate the sheriff's sale.
This statute specifically provides for the giving of actual notice to any person desiring to know when specific immovable property is seized for sale at public auction. When any person desiring actual notice files his request for it in the mortgage records, he triggers a procedure whereby the clerk of court is required to list the notice on the mortgage certificate given to the sheriff, and the sheriff is then required to give actual notice to the person so requesting by certified mail or actual delivery at the address of the person who requested notice. Funding of the cost of the notice is provided for. This is an orderly and efficient procedure for all persons concerned.
When a law is clear and free from all ambiguity, it must be given effect as written. La.R.S. 1:4; La.C.C. art. 13 (amended and reenacted as La.C.C. art. 9 by Acts 1987, No. 124, effective January 1, 1988); Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984). La.R.S. 13:3886 applies when any person (such as Wong) desires to be notified when specific immovable property (such as Lot 302) is seized. This language is clear and free from all ambiguity and must be given effect as written. This statute is applicable to any person whether he be a creditor, a seizing creditor or any other category of person. Pursuant to Section 4 of Act 615 of 1982, any law or part of a law in conflict with La.R.S. 13:3886 was repealed.
La.R.S. 13:3886 became effective on September 10, 1982. The Mercantes granted the mortgage in favor of Wong on October 27, 1982. At that time, Wong was provided with a title examination on Lot 302 which indicated there were two superior mortgages on it. This would seem to be a classic situation in which a person (Wong as an inferior creditor) would want to have actual notice of seizure by another (especially a superior creditor). Further, when Wong filed his suit for executory process and seized Lot 302 in August of 1983, the mortgage records of East Baton Rouge Parish reflected that Lot 301 had been seized and sold and that there were many claims pending against the Mercantes. This would also seem to be a classic situation in which a person would want to have actual notice of seizure of a specific immovable by another.
Wong contends the Civil Code articles on deposit create a duty on the part of a judicial sequestrator to give actual notice to a seizing creditor of a subsequent seizure, which duty exists independently of La.R.S. 13:3886. A review of these articles shows that a duty to give actual notice of seizure is not specifically provided for therein. Such a duty can only be created by implication. In Bunch, 446 So.2d at 1360, appears the following:
The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a *1140 reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker.
[Emphasis added.]
The clear and express language of La.R.S. 13:3886 demonstrates a legislative intent that it (and not other laws) is controlling in all instances where specific immovable property is seized by any person. Wong's argument on this issue is without merit.
The trial court ruled that the Sheriff's obligation to give actual notice of the seizure of a specific piece of immovable property to any person was established and defined by La.R.S. 13:3886. This ruling is correct. The Civil Code articles providing for the obligations of a judicial sequestrator (sheriff) are not controlling on this specific obligation; the statute more specifically directed to the matter at issue must prevail. Lyman v. Town of Sunset, 500 So.2d 390 (La.1987). (For example, La.R. S. 13:3886 does not apply where movable property is involved.)
Wong did not contend in the trial court or in brief before the three-judge panel of this court that he was entitled to actual notice under Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). In his supplemental brief before the five-judge panel of this court, Wong "concedes that constitutional grounds were not raised before the trial court, and therefore cannot be considered by this Court on appeal", citing Johnson v. Welsh, 334 So.2d 395 (La.1976). See also Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984); Loe v. McNamara, 501 So.2d 298 (La.App. 1st Cir. 1986), writ denied, 503 So.2d 480 (La.1987). However, in the conclusion of his supplemental brief, Wong asserts "the Sheriff has a duty to give actual notice to a seizing creditor of subsequent seizures, whether analyzed under traditional negligence concepts, specific Codal Articles, or the U.S. Constitution." Pursuant to the authority of Johnson v. Welsh, Lemire and Loe v. McNamara, we decline to consider a United States constitutional issue under Mennonite at this time. However, we note that La.R.S. 13:3886 has been found to meet constitutional muster in the face of Mennonite challenges in Bankers Life Company v. Regotti, 518 So.2d 563 (La. App. 5th Cir.1987), and Mid-State Homes, Inc. v. Portis, 652 F.Supp. 640 (W.D.La. 1987).
The Sheriff, as a judicial sequestrator, had no duty to give actual notice to Wong of the Welch seizure and sale under the undisputed facts in this case.

Duty of Sheriff as Judicial Sequestrator to Produce Lot 302 for Public Sale by Wong
Wong contends he "relied on the fact that the referenced property [Lot 302] was specifically being held safe for him by the Sheriff's office", the Sheriff did not deliver up Lot 302 for his [Wong's] scheduled sale at public auction as he was required to do by La.C.C. arts. 2937, 2973, 2977, 2978, 2980 and 2981, the Sheriff is not released from his obligation to produce the property seized for the seizing creditor by La.R.S. 13:3886, "the Sheriff breached his duty as sequestrator, guardian and depositary when he failed to produce the subject property for Wong's judicial sale", and, therefore, the Sheriff is liable to Wong for any damages Wong sustained. Wong cites as analogous authority the cases of Bickham Motors, Inc. v. Crain, 185 So.2d 271 (La.App. 1st Cir.1966) and Bloomenstiel v. Tridico, 156 So. 793 (La.App. 1st Cir.1934).
Bickham[3] and Bloomenstiel are not controlling in the instant case. The express *1141 holding of Bloomenstiel is that a seizing creditor had no right to proceed by summary process for the recovery of damages against a sheriff who allegedly caused a seized movable to lose value through his failure to comply with his duty as a judicial sequestrator. The express holding of Bickham is that a seizing creditor, who is appointed keeper of a movable he had seized, cannot obtain a deficiency judgment against his debtor where he caused the seized movable to lose almost all of its value. In the instant case, there is no claim that the immovable seized (Lot 302) lost value while it was in the custody of the Sheriff.
Pursuant to La. Const. of 1974, art. V, § 27, a sheriff "shall execute court orders and process." See also La.R.S. 33:1435(A) and La.C.C.P. art. 321. Because a sheriff's duty to execute court orders is constitutionally and statutorily imposed with the word "shall", that duty is mandatory. La.R.S. 1:3; La.C.C.P. art. 5053. Cf. La.C.Cr.P. art. 5; La.C.J.P. art. 4. In Dixie Federal Savings and Loan Association v. Pitre, 498 So.2d 112, 114 (La.App. 5th Cir.1986), this duty was discussed as follows:
Further, a sheriff's duty is of a ministerial character; he is without right to question the legality or propriety of orders committed to him officially for execution.... A sheriff cannot be held liable in executing a writ where he complies with the terms of the writ.... Thus, assuming arguendo that appellant's contentions that the seizure was illegal because of the improper issuance of executory process, his remedy, if any he has, is against the party causing the writ to issue, not the Sheriff or persons acting under his direction who acted in accordance with the directive of the court.
In Citadel Security, Inc. v. Blue D Corporation, 467 So.2d 118, 119-120 (La.App. 3rd Cir.1985), this duty is discussed as follows:
Under the law a sheriff has a mandatory duty to execute all "writs, mandates, orders, and judgments directed to him by the district courts...." LSA-C.C.P. art. 321. A sheriff cannot be held liable in performing these duties where he complies with the terms of the writ.
See also Ludeling v. Garret, 50 La.Ann. 118, 23 So. 94 (1898); Fontenot v. Stark, 192 So. 550 (La.App. 1st Cir.1939). Cf. Connell v. David Bernhardt Paint Co., 163 La. 586, 112 So. 495 (1927).
The Sheriff seized Lot 302 pursuant to a court order in Wong's suit for executory process against the Mercantes. At that point in time, the Sheriff owed a duty to Wong to produce Lot 302 for sale at public auction. La.C.C. arts. 2977, 2978 and 2980. However, the Sheriff was subsequently ordered in the Welch suit by the same district court to seize and sell Lot 302 for Welch, who was a superior seizing creditor. The Sheriff complied with this court order, as he was obligated to do. Because the Sheriff complied with the court order in the Welch suit, he could not produce Lot 302 in Wong's suit and was relieved of his obligation to do so. The validity of the order in Welch's suit has not been contested in these proceedings, and Welch has not been cited as a party defendant herein. The Sheriff cannot be held liable for producing and selling Lot 302 in Welch's suit when *1142 the seizure and sale in Welch's suit was pursuant to an uncontested court order. Because the Sheriff's obligation to give Wong actual notice of Welch's seizure and sale is established and defined by La.R.S. 13:3886, and because Wong did not request notice (as he had a legal right to do), the Sheriff was not required to give Wong actual notice of the seizure and sale by Welch.
Accordingly, it must be concluded that the Sheriff, as a judicial sequestrator, owed no duty to Wong to produce Lot 302 for sale in Wong's suit after Lot 302 was sold in Welch's suit.

Duty of the Sheriff Under La.C.C. art. 2315
Wong contends that an analysis of the Sheriff's actions under La.C.C. art. 2315 reflects the existence and breach of a legal duty to provide actual notice to Wong of the subsequent seizure. He also asserts the Sheriff violated his legal obligation to safeguard seized property by failing to preserve it up to the time of Wong's judicial sale.
A party claiming injury may have a cause of action in tort and a cause of action in contract arising from the same set of facts. See, for example, Borden, Inc. v. Howard Trucking Company, 454 So.2d 1081 (La.1984); Kraaz v. La Quinta Motor Inns, Inc., 410 So.2d 1048 (La.1982); Philippe v. Browning Arms Company, 395 So.2d 310 (La.1981). It is important to identify and analyze these causes of action separately because their elements of proof, burdens of proof, defenses, elements of recovery and prescriptive periods may be different.[4] Generally, a suit against a depositary is considered a suit in contract and not in tort. Plummer v. Motors Insurance Corporation, 233 La. 340, 96 So.2d 605 (1957). However, a depositary can be liable under La.C.C. art. 2315 if his fault is independent from a breach of his contractual duties as a depositary. Laubie v. Sonesta International Hotel Corporation, 398 So.2d 1374 (La.1981).
The duty of a depositary is more onerous than that owed under a tort-feasor's standard of care. Laubie, 398 So.2d at 1377. Thus, it could generally be stated that, if a depositary did not have a contractual duty as such, he did not have a tort duty. In the instant case, Wong asserts that the Sheriff has essentially the same duties in tort as he has in contract and implies that the Sheriff's delictual duties arise from his contractual obligations.
For the reasons previously assigned, we hold that the Sheriff had no tort duty to give Wong actual notice of seizure and sale in Welch's suit or to produce Lot 302 for sale in his (Wong's) suit.

Conclusion
An analysis of what this suit is not is helpful to put in prespective what it is. This is not a suit asserting Mennonite reasons to set aside the judicial sale of Lot 302 to Bonadona in Welch's suit. This is not a suit against Welch contending she illegally had Lot 302 seized and sold. This is not a suit against the Mercantes for the balance due on their mortgage. This is a suit against the Sheriff who sold Lot 302 at public auction pursuant to a court order and who did not give actual notice of the sale to Wong because Wong did not request it pursuant to La.R.S. 13:3886. Based on the undisputed facts of record, we conclude as a matter of law that the Sheriff had no legal duty, either contractual or delictual, to give Wong actual notice of Welch's sale or to produce Lot 302 for sale in Wong's suit.
These assignments of error are without merit.

SUMMARY JUDGMENT

(Assignment of Error 4)
In his last assignment of error, Wong asserts the following:

*1143 The trial court erred in granting summary judgment when the circumstances of the case require trial on the merits to develop all relevant facts and circumstances necessary to a determination of whether plaintiff's conduct constituted negligence proximately causing his damages.
In brief, Wong contends that summary judgment is inappropriate in this case for the following reasons:
Summary judgment procedure is seldom appropriate in negligence cases, in which the court's decision turns on the determination of whether or not the defendant's conduct constitutes a tort, since such a determination usually involves factual dispute.... Any doubts are resolved against the granting of summary judgment, and in favor of trial on the merits.... Contributory negligence no longer bars a plaintiff's recovery, and comparative negligence is now the applicable standard.... A determination as to whether a plaintiff's conduct constitutes negligence which bars or minimizes his recovery is inherently factual, and poorly suited to disposition by summary judgment.
Summary judgment is appropriately granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. art. 966(B). The facts set forth in this opinion are undisputed. Based on these facts, we have concluded as a matter of law that the Sheriff did not owe Wong the duties that Wong claims he did. In this procedural posture, summary judgment is appropriate.
Wong's argument in this assignment of error is directed to the tort cause of action. As previously indicated, this action is primarily a contract cause of action. Wong's argument on the tort cause of action is primarily directed to the factual issue of whether there was a breach of a delictual duty; such an argument is based on the assumption that there is a legal duty to be breached. Because we hold as a matter of law that the Sheriff had no legal duty, either contractual or delictual, under the undisputed facts of this case, the argument directed to breach of duty is not controlling.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Wong is cast for the cost of this appeal.
AFFIRMED.
SHORTESS, J., dissents with reasons.
CRAIN, J., dissents for reasons assigned by SHORTESS, J.
SHORTESS, Judge, dissenting.
The majority holds that the Sheriff had no duty under the Civil Code articles governing depositaries to provide actual notice to Wong because Wong failed to request notice of seizure under LSA-R.S. 13:3886. The Civil Code articles governing the obligations of a depositary have thus been subverted under the guise of harmonizing and reconciling them with LSA-R.S. 13:3886. A more consonant interpretation is that LSA-R.S. 13:3886 simply provides an additional right to persons desiring notice of seizure; it does not abrogate a judicial sequestrator's obligation to preserve seized property with "the care of a prudent head of a family."
The majority also holds, without citation of authority, that the Sheriff had no duty to produce the seized property for public sale in Wong's suit, as ordered by the court, because the subsequent court order in the Welch suit to sell the same property relieved the Sheriff of his obligation to comply with the initial court order. "Under the law a sheriff has a mandatory duty to execute all `writs, mandates, orders and judgments directed to him by the district courts....'" Citadel Security, Inc. v. Blue D Corp., 467 So.2d 118, 119-20 (La. App. 3d Cir.1985) (emphasis added). Faced with two orders to seize and sell the same *1144 property for two different creditors, the Sheriff need not have ignored the first order; he could have followed both orders by scheduling the sales at the same time.
Finally, the majority holds that Wong's failure to request notice of seizure under LSA-R.S. 13:3886 absolved the Sheriff of any duty to Wong in tort. LSA-R.S. 13:3886 repeals neither the Civil Code articles on deposit nor Louisiana Civil Code article 2315. Whether or not Wong requested notice of seizure, the Sheriff may still be liable under Civil Code article 2315 if his negligent acts committed while in the performance of his official duties caused Wong injury. Citizens Bank of Ville Platte v. American Druggists Insurance Co., 471 So.2d 1119, 1122 (La.App. 3d Cir. 1985). Whether the Sheriff was negligent or Wong was injured are questions of fact which should be addressed by the trier of fact, and not decided on summary judgment as was done in this case.
Accordingly, I dissent.
NOTES
[1] Wong's petition named the "East Baton Rouge Sheriff's Office" as the only party defendant. Elmer B. Litchfield, as the Sheriff of East Baton Rouge Parish, filed an answer. Wong filed a supplemental and amending petition which added Litchfield, individually, and American Druggist Insurance Company, as Litchfield's insurer, as parties defendant. The East Baton Rouge Parish Sheriff's Office filed the motion for summary judgment herein. Litchfield and his insurer answered the supplemental and amending petition. The summary judgment granted herein is in favor of the "East Baton Rouge Parish Sheriff's Office" only. No objection has been raised to the standing and/or legal capacity of the East Baton Rouge Parish Sheriff's Office. Jenkins v. Jefferson Parish Sheriff's Office, 385 So.2d 578 (La.App. 4th Cir. 1980), reversed in part on other grounds, 402 So.2d 669 (La. 1981); Liberty Mutual Insurance Company v. Grant Parish Sheriff's Department, 350 So.2d 236 (La.App. 3rd Cir.), writ denied, 352 So.2d 235 (La. 1977); K. Murchison, Developments in the Law, 1981-1982, Local Government Law, 43 La.L.Rev. 479 (1982).
[2] Wong got constructive notice of Welch's seizure when the Sheriff filed the notice of seizure in the mortgage records pursuant to La.R.S. 13:3855 and when the Sheriff advertised for Welch's sale on November 10 and December 12, 1983.
[3] In Bickham, the creditor instituted executory process against the debtor for failure to pay the financed sale price of a truck. The debtor defended this action urging the defense of a redhibitory defect but lost in the trial court and on appeal. The truck was subsequently sold for $90 at public auction, and the creditor filed suit for a deficiency judgment against the debtor. The debtor defended this action, in part, by alleging the creditor was appointed keeper of the seized truck by the sheriff, the creditor failed to properly care for the seized truck, the truck deteriorated to a point of almost no value, and the creditor was liable to the debtor for damages. The sheriff was not a party to this suit. The evidence showed the creditor, without the consent of the sheriff or the debtor, took the truck to a farm where it was completely dismantled and left in the open. This flagrant neglect caused the truck to become almost worthless. In this factual posture, the court in Bickham, 185 So.2d at 277, observed as follows: 
We believe therefore that the seizing creditor appointed keeper who fails to discharge the duty of protection and preservation incumbent upon him to the extent the value of the movables in his charge deteriorates almost to the vanishing point, must be held in the same position as if the sale were provoked without benefit of appraisement.
The court then held that, since the sale of the truck in this factual setting was a sale without a meaningful appraisal, and since a sale without appraisal deprived the creditor of his right to a deficiency judgment, the creditor could not get a deficiency judgment in this case and his suit for such was dismissed.
In dictum, the Bickham court observed that a seizing creditor had a cause of action against a sheriff if the sheriff's neglect diminished the value of the property under seizure. The Bickham court did not say that the sheriff had a duty to give an inferior seizing creditor actual notice of a sale of the debtor's property by a superior creditor, nor did it impose a duty on a sheriff to protect the inferior creditor's mortgage (security device).
[4] For example, is comparative negligence a defense to a contractual cause of action by a depositor against a depositary.