LANIER, Judge.
This action is a suit in contract by an automobile dealership seeking recovery of storage fees for a customer’s automobile. Suit was filed by Polk Chevrolet, Inc. (Polk) against Murlon Webb, the owner of the stored automobile. Webb filed a reconven-tional demand seeking recovery of damages from Polk for its failure to maintain and preserve the automobile. Polk then filed a motion for summary judgment seeking judgment in its favor on both demands. After a hearing, the trial court found it was uncontested fact that (1) a contract of deposit had been entered into by the parties, (2) Polk was entitled to $3.00 per day from December 18, 1984 until the automobile was removed, and (3) Polk was not liable to Webb for failure to maintain and preserve the automobile. The trial court rendered judgment in favor of Polk for $4,875 and dismissing Webb’s reconventional demand. Webb took this devolutive appeal. Polk answered the appeal.
FACTS
On May 10,1978, Webb purchased a 1978 Chevrolet Chevette automobile from Polk in Baton Rouge, East Baton Rouge Parish, Louisiana. Webb returned the automobile to Polk for repairs, but the repair attempts failed to satisfy Webb. On July 12, 1978, *1114 Webb filed a redhibitory action against Polk. Webb tendered the automobile to Polk as part of his suit.
On September 6, 1979, Polk’s attorney telephoned Webb’s attorney and advised him that Webb should remove his automobile from Polk’s lot or he would be charged $3.00 per day for storing the automobile from that day forward until it was removed. This conversation was confirmed by a letter dated September 11, 1979. Webb believed that removal of the automobile would defeat his redhibition action and did not retrieve the automobile or pay the storage fees.
On October 2, 1987, the redhibitory action was finally concluded after almost ten years of litigation.[1] This suit was filed on December 18, 1987. Webb refused to remove the automobile from Polk’s lot until May 31, 1989.
SUMMARY JUDGMENT
(Webb’s assignments of error numbers 1 and 2)
Webb contends the trial court erred in granting Polk’s motions for summary judgment, finding him liable for storage fees and dismissing his reconventional demand.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits filed show that there are no genuine issues of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Schaefer v. Lynch, 406 So.2d 185 (La.1981); State, Department of Highways v. City of Pineville, 403 So.2d 49 (La.1981); Zumo v. R.T. Vanderbilt Company, Inc., 527 So.2d 1074 (La.App. 1st Cir.1987). The burden of establishing the absence of any genuine issues of material fact is upon the mover for summary judgment. Summary judgment should be granted only if reasonable minds must inevitably conclude that the mover is entitled, to a judgment as a matter of law. Zumo v. R.T. Vanderbilt Company, Inc., 527 So.2d at 1078.
Generally, a deposit is an act by which a person receives the movable property of another, binding himself to preserve it and return it in kind. La.C.C. arts. 2926 and 2928; Harper v. Brown & Root, Inc., 391 So.2d 1170 (La.1980); Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La.1973); Wong v. East Baton Rouge Parish Sheriffs Office, 522 So.2d 1134 (La.App. 1st Cir.), writ denied, 523 So.2d 863 (La.1988). A deposit is a contractual relationship created by the parties' mutual consent, whether actual or implied. La.C.C. arts. 2932 and 2933; Wong v. East Baton Rouge Parish Sheriff's Office, 522 So.2d at 1137; M. Rubin, Bailment and Deposit in Louisiana, 35 La.L.Rev. 825 (1975). A deposit is essentially gratuitous. If the party with whom a deposit is made receives compensation, it is no longer a deposit, but a hiring (lease). La.C.C. art. 2929; Coe Oil Service, Inc. v. Hair, 283 So.2d at 737; United States Fidelity & Guaranty Company v. Dixie Parking Service, Inc., 262 La. 45, 262 So.2d 365 (1972). Because a hiring is a form of lease,[2] a literal reading of La.C.C. art. 2929 would appear to indicate that the articles on lease rather than those on deposit should apply whenever a depository is compensated. However, Louisiana courts have not confined the deposit articles to gratuitous contracts. This result is in accord with La.C.C. art. 2938(2) which provides that the duty of preserving a deposit is to be more “rigorously enforced ... if it has been agreed that he (the depository) shall have a reward for preserving the deposit.” United States Fidelity & Guaranty Company v. Dixie Parking Service, Inc., 262 La. 45, 262 So.2d at 366-367; M. Rubin, supra at 828, C. Hall, Contracts-Exculpatory Clauses and Public Policy-Liability of a Bank Relative to its Night *1115 Depository Facilities, 25 Tul.L.Rev. 268 (1951). A deposit is perfected by the delivery of the thing deposited. La.C.C. art. 2930; Coe Oil Service, Inc. v. Hair, 283 So.2d at 737.
A depository has the duty to preserve the deposit with the same diligence that he uses in preserving his own property. La.C.C. art. 2937; Coe Oil Service, Inc. v. Hair, 283 So.2d at 737; Wong v. East Baton Rouge Parish Sheriffs Office, 522 So.2d at 1138; Kirshner v. Johnson, 521 So.2d 697 (La.App. 1st Cir.1988). However, a depository must act only as a prudent administrator. A depository is not an insurer of the deposit and is not required to guard against every conceivable unlawful act that may be committed against the deposit. Wong v. East Baton Rouge Parish Sheriff's Office, 522 So.2d at 1138; Kirshner v. Johnson, 521 So.2d at 700.
In a suit against a depository, the depositor initially has the burden of proving the existence of the contract of deposit and that the thing deposited was not returned or was damaged. Wong v. East Baton Rouge Parish Sheriff's Office, 522 So.2d at 1138; Kirshner v. Johnson, 521 So.2d at 700; M. Rubin, supra, at 839-842. From proof of these facts, it may reasonably be inferred that the depository has not acted as a prudent administrator, and, thus, the depositor has established a prima facie case of liability against the depository. Thereafter, the burden is on the depository to exonerate himself from fault. Harper v. Brown & Root, Inc., 391 So.2d at 1173; Coe Oil Service, Inc. v. Hair, 283 So.2d at 737; Wong v. East Baton Rouge Parish Sheriff's Office, 522 So.2d at 1138; Kirshner v. Johnson, 521 So.2d at 700.
In his answer and affidavit in opposition to Polk’s motion for summary judgment, Webb admitted that (1) on September 6, 1979, a telephone conversation was held between Polk’s attorney and his attorney during which Polk’s attorney advised his attorney that $3.00 per day would be charged for storing the automobile from that day forward until it was removed, (2) this conversation was confirmed by letter dated September 11, 1979, and (3) he allowed his automobile to remain on Polk’s premises. Webb in his reconventional demand asserted that Polk was a depository and had violated its duties as a depository.
Webb’s admissions in his pleadings are judicial confessions and are full proof against him. La.C.C. art. 1853; Starns v. Emmons, 538 So.2d 275 (La.1989); Smith v. Board of Trustees of Louisiana School Employees Retirement System, 398 So.2d 1045 (La.1981); Crown Zellerbach Corporation v. Louisiana Workmen’s Compensation Second Injury Board, 481 So.2d 650 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986). A judicial confession is a party’s explicit admission of an adverse factual element and has the effect of waiving evidence as to the subject of the admission or withdrawing the subject matter of the confession from issue. Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979); Crown Zellerbach Corporation v. Louisiana Workmen’s Compensation Second Injury Board, 481 So.2d at 652.
Webb, in his pleadings, judicially confessed the material facts necessary for Polk to prove a contract of deposit existed between the parties. In fact, Webb in his reconven-tional demand, sued Polk for breach of its duty as a depository. By leaving the automobile on Polk’s premises after the September, 1979 phone call and letter, and remaining silent, Webb gave implied consent to the terms of the deposit. La.C.C. arts. 1927 and 1942. Since the material facts are not in dispute, the trial court was legally correct in granting Polk’s motion for summary judgment and in finding Webb was liable for Polk’s storage (depository) fees. See for example, Southern Rental and Leasing Company v. Barry’s Towing, Inc., 433 So.2d 781 (La.App. 5th Cir.), writ denied, 440 So.2d 733 (La.1983); Tamburello v. Hurwitz-Mintz Furniture Co., 38 So.2d 668 (La.App.Orl.Cir.1949).
In connection with its motion for summary judgment, Polk filed the affidavit of C.J. Guillory, its shop manager, which stated that (1) the Webb automobile had sustained no damage, harm or destruction *1116 other than that due to normal deterioration and depreciation for an automobile stored under similar circumstances, and (2) that Polk stored the Webb automobile in the same form and fashion as it utilized for similar automobiles stored on its premises. Webb’s affidavit filed in opposition to Polk’s motion for summary judgment does not discuss the condition of the automobile. Thus, the material facts concerning the re-conventional demand are not in dispute. Since the undisputed facts show that Polk did not breach its duty to preserve and maintain the Webb automobile, the trial court was legally correct in granting Polk’s motion for summary judgment to dismiss Webb’s reconventional demand. See Vessel v. Bennett Ford, Inc., 421 So.2d 350 (La.App. 1st Cir.1982).
These assignments of error are without merit.
COSTS
(Polk’s assignment of error number 2)
In its answer to the appeal, Polk contends the trial court erred in assessing costs equally between the parties. It contends Webb should have been cast for all costs since judgment was rendered against him.
While it is a general rule the party cast in judgment should be taxed with costs, the trial court may assess costs of a suit in any equitable manner. La.C. C.P. art. 1920; Ratcliff v. Town of Mandeville, 551 So.2d 761 (La.App. 1st Cir.1989), writ denied, 556 So.2d 37 (La.1990); Laughlin v. Breaux, 515 So.2d 480 (La.App. 1st Cir.1987); Wells v. Allstate Insurance Company, 510 So.2d 763 (La.App. 1st Cir.), writ denied, 514 So.2d 463 (La.1987). Upon review, a trial court’s assessment of costs can be reversed by this court only upon a showing of an abuse of discretion. Ratcliff v. Town of Mandeville, 551 So.2d at 763; Laughlin v. Breaux, 515 So.2d at 485; Wells v. Allstate Insurance Company, 510 So.2d at 769. When a prevailing party is taxed with the costs of litigation, it is usually because that party in some way incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against it. Laughlin v. Breaux, 515 So.2d at 485; Wells v. Allstate Insurance Company, 510 So.2d at 769.
In this case, the trial court did not specify the reasons upon which it based its cost assessment. However, we note that there is no showing in the record that Polk caused costs to be incurred pointlessly or engaged in other conduct justifying the assessment of costs against it. Accordingly, we find the trial court abused its discretion in assessing costs equally between the parties. All costs should have been assessed against Webb. See Ratcliff v. Town of Mandeville, 551 So.2d at 763; Laughlin v. Breaux, 515 So.2d at 485; Wells v. Allstate Insurance Company, 510 So.2d at 769.
This assignment of error has merit.
INTEREST
(Polk’s assignment of error number 1)
Polk contends the trial court erred in awarding legal interest from the date of judgment rather than the date of judicial demand as prayed for in its petition.
Polk sought storage fees of $3.00 per day from September 6, 1979, through May 31, 1989. This suit was filed on December 18, 1987. The trial court only awarded storage fees of $3.00 per day from December 18, 1984,[3] through May 31, 1989, and awarded legal interest thereon from the date of judgment, which was June 29, 1989.
As previously indicated, the obligation herein is a compensated deposit in which Polk agreed to act as a depository and Webb was obligated to pay $3.00 per day for this service. Damages for delay in the performance of an obligation are owed *1117 from the time the obligor is put in default and other damages are owed from the time the obligor has failed to perform. La.C.C. art. 1989. One of the ways an obligee may put an obligor in default is by filing suit for performance. La.C.C. art. 1991. For delay in performance of the obligation to pay damages, legal interest on the amount of the damages is payable from the time the damages were due. La.C.C. art. 2000. However, pursuant to La.C.C.P. art. 1921, legal interest on contractual obligations may only be awarded as prayed for. Landry v. Louisiana Hospital Service, Inc., 449 So.2d 584 (La.App. 1st Cir.1984).
Polk is entitled to legal interest from the date of judicial demand on all daily storage fees that were due when suit was filed on December 18, 1987. However, for those daily fees which became due after December 18, 1987, Polk is entitled only to legal interest on each daily storage fee from its due date. Hall v. McDonald Insulation, 537 So.2d 328 (La.App. 1st Cir.1988); Lewis v. Piccadilly, Inc., 489 So.2d 984 (La.App. 1st Cir.1986); Lemoine v. Devillier, 189 So.2d 694 (La.App. 3rd Cir.), writ denied, 249 La. 751, 190 So.2d 913 (La.1966).
This assignment of error has merit.
DECREE
For the foregoing reasons, the judgment of the trial court is amended to assess all trial court costs against Webb; and Polk is awarded legal interest on the storage fees which accrued from December 18, 1984, until December 18, 1987, from December 18, 1987, until paid, and is awarded legal interest on each daily storage fee which accrued thereafter from its due date until paid. In all other respects, the judgment of the trial court is affirmed. Webb is cast for the cost of this appeal.
AMENDED AND AFFIRMED.
MARY ANN VIAL LEMMON, J. Pro Tem., dissents and assigns reasons.

. The history of this action can be found in the following: Webb v. Polk Chevrolet, Inc., 387 So.2d 1240 (La.App. 1st Cir.), writ denied, 390 So.2d 1344 (La.1989); 397 So.2d 803 (La.1981); 415 So.2d 402 (La.App. 1st Cir.1982); 451 So.2d 139 (La.App. 1st Cir.), reversed, 458 So.2d 469 (La.1984); 509 So.2d 139 (La.App. 1st Cir.), writ denied, 512 So.2d 1177 (La.1987).

. La.C.C. arts. 2669 and 2673.

. In assignment of error number 3 in its answer to the appeal, Polk contends the trial court erred in awarding it storage fees from December 14, 1984 instead of from September 11, 1979. La.C.C.P. art. 927. This assignment of error was not briefed and is therefore considered abandoned. Rule 2-12.4 of the Uniform Rules of Louisiana Courts of Appeal; Solar v. Griffin, 554 So.2d 1324 (La.App. 1st Cir.1989), writ denied, 558 So.2d 582 (La.1990).